RE: MEMBERSHIP REQUIREMENTS FOR ROSE STATE COLLEGE BOARD
THIS LETTER IS TRANSMITTED TO YOU PURSUANT TO YOUR REQUEST FOR AN INFORMAL OPINION CONCERNING THE VALIDITY OF THE LAWS WHICH CURRENTLY GOVERN THE MEMBERSHIP QUALIFICATIONS FOR MEMBERS OF THE BOARD GOVERNING THE VOCATIONAL-TECHNICAL DISTRICT WHICH IS HEADED BY THE PERSONS ALSO COMPRISING THE ROSE STATE COLLEGE BOARD OF REGENTS.
ON MAY 24, 1966, THE PEOPLE OF OKLAHOMA ADOPTED BY POPULAR VOTE THE PROVISIONS OF STATE QUESTION NO. 434, AUTHORIZING THE ORGANIZATION OF AREA SCHOOL DISTRICTS FOR VOCATIONAL AND TECHNICAL EDUCATION, AND PROVIDING FOR SEVERAL AVAILABLE FUNDING MECHANISMS TO OPERATE SUCH DISTRICTS. THE TERMS OF THAT STATE QUESTION ARE TODAY EMBODIED IN ARTICLE X, SECTION 9B TO THE OKLAHOMA CONSTITUTION, WHICH PROVIDES:
(TEXT OF ARTICLE)
THESE CONSTITUTIONAL PROVISIONS MUST BE READ TOGETHER, TO BEST EFFECTUATE THE INTENT OF THE PEOPLE IN ADOPTING SAME. SEE, AUSTIN NICHOLS CO. V. OKLA. COUNTY BD. OF TAX-ROLL CORRECTIONS, 578 P.2D 1200 (OKLA. 1978). SUBSECTION (A), ABOVE, EVIDENCES A GENERAL INTENTION THAT THE ADMINISTRATION OF AREA VOCATIONAL AND TECHNICAL EDUCATION DISTRICTS IS TO BE VESTED IN SCHOOL BOARDS CONSTITUTED AND EMPOWERED BY LAW AS PROVIDED FOR SCHOOL BOARDS OF INDEPENDENT SCHOOL DISTRICTS. SUCH DISTRICTS ARE STATUTORILY DECREED TO BE GOVERNED BY BOARDS ELECTED FORM THE RESIDENTS OF THE DISTRICT. 70 O.S. 5-107A(B) (1988).
THESE STATUTORY REQUIREMENTS ARE NOT ABSOLUTELY MANDATORY RELATIVE TO ORGANIZING AND OPERATING VOCATIONAL-TECHNICAL AREA SCHOOL DISTRICTS, HOWEVER, WHERE THE LEGISLATURE CHOOSES TO OTHERWISE SPECIFICALLY ADDRESS SUCH AREAS BY STATUTORY ENACTMENT. OKLA. CONST. ARTICLE X, SECTION 9B(C)(D). INDEED, SUCH SPECIFIC TREATMENT HAS BEEN ACCORDED THESE DISTRICTS GENERALLY IN ARTICLE 14 OF THE SCHOOL CODE IN MANY WAYS. AN EXAMPLE OF SUCH SPECIAL TREATMENT IS FOUND IN 70 O.S. 14-110, AND ITS STATUTORY PREDECESSORS. SECTION 70 O.S. 14-110, IN ITS 1981 VERSION, MANDATED THAT IF THE TERRITORY COMPRISING AN INDEPENDENT SCHOOL DISTRICT HAD BEEN ESTABLISHED BY THE STATE BOARD OF VOCATIONAL AND TECHNICAL EDUCATION AS AN AREA SCHOOL DISTRICT, THE MEMBERSHIP OF THE GOVERNING BOARD OF THE INDEPENDENT SCHOOL DISTRICT WAS ALSO TO COMPRISE THE MEMBERSHIP OF THE BOARD GOVERNING THE AREA VOCATIONAL-TECHNICAL DISTRICT. THE 1982 AND 1983 AMENDMENTS TO SECTION 14-110 REQUIRED A DIVISION OF THESE FUNCTIONS.
IN SIMILAR FASHION, THE LEGISLATURE HAS ALSO CHOSEN TO SUPPLANT THE GENERAL TERMS OF ARTICLE X, SECTION 9B(A) WITH REFERENCE TO THE GOVERNMENT OF ROSE STATE COLLEGE AND ITS COORDINATE AREA VOCATIONAL-TECHNICAL SCHOOL DISTRICT. THE OKLAHOMA SUPREME COURT, IN MOORE-NORMAN AREA VOCATIONAL TECHNICAL SCHOOL DISTRICT NO. 17 V. BD. OF TRUSTEES OF SOUTH OKLAHOMA CITY JUNIOR COLLEGE, 519 P.2D 497 (OKLA. 1974), AFFIRMED THAT THE LEGISLATURE, BY ENACTING SECTION 70 O.S. 4410 TO TITLE 70 IN 1968 PROVIDED FOR AN ALTERNATIVE MEANS OF ESTABLISHING AN AREA SCHOOL DISTRICT, DISTINCT FROM THAT OUTLINED IN ARTICLE X, 9B. ID, AT P. 500. THIS METHOD PERMITTED ANY COMMUNITY MAINTAINING A COMMUNITY JUNIOR COLLEGE, AS PROVIDED FOR IN 70 O.S. 1981, 4401/70 O.S. 4409, AS AMENDED, IN WHICH COURSES IN VOCATIONAL AND/OR TECHNICAL EDUCATION ARE TO BE OFFERED, AND MEETING APPLICABLE LAW AS SET FORTH, TO BECOME AN AREA SCHOOL DISTRICT BY RESOLUTION OF THE COMMUNITY COLLEGE'S GOVERNING BOARD. SIMILAR PROVISIONS WERE SET FORTH RELATIVE TO ENTITIES WHICH ARE TWO-YEAR COLLEGES AND PART OF THE STATE SYSTEM OF HIGHER EDUCATION. 70 O.S. 4411.
IN THIS SAME VEIN, IN 1974, ALL COMMUNITY COLLEGES THEN MEETING THE STANDARDS AND CRITERIA OF THE STATE REGENTS FOR HIGHER EDUCATION AND RECEIVING STATE SUPPORT WERE MANDATED TO BE INCLUDED IN THE STATE SYSTEM OF HIGHER EDUCATION. 70 O.S. 4423(B). ROSE STATE COLLEGE, THEN KNOWN AS OSCAR ROSE JUNIOR COLLEGE, WAS SPECIFICALLY NAMED AS SUCH AN AFFECTED INSTITUTION. 70 O.S. 4423(A). UNDER THE EXPLICIT TERMS OF SECTION 4423, SUCH INSTITUTIONS MAINTAIN THEIR DUAL ROLE IN GOVERNING THE JUNIOR COLLEGE AND ITS COORDINATE AREA VOCATIONAL-TECHNICAL DISTRICT. SUBSECTION (C) STATES, IN PERTINENT PART: "WITH RESPECT TO ROSE STATE COLLEGE AND OKLAHOMA CITY COMMUNITY COLLEGE, IT IS FURTHER PROVIDED THAT THE COLLEGE AND ITS GOVERNING BOARD OF REGENTS SHALL CONTINUE TO OPERATE THE TECHNICAL AREA SCHOOL DISTRICT PROGRAM TO CARRY OUT THE FUNCTION FOR POSTSECONDARY TECHNICAL EDUCATION FOR THE PEOPLE OF THE TECHNICAL DISTRICT AS NOW OPERATED, AND IN ACCORDANCE WITH SECTION 4410 OF TITLE 70, OF THE OKLAHOMA STATUTES."
ROSE STATE COLLEGE, AND ITS COORDINATE AREA VOCATIONAL TECHNICAL DISTRICT, ARE STATUTORILY GOVERNED BY A BOARD APPOINTED BY THE GOVERNOR AND CONFIRMED BY THE SENATE. 70 O.S. 4423(C). FOUR OF THE SEVEN MEMBERS OF THE GOVERNING BOARD OF ROSE STATE COLLEGE MUST BE RESIDENTS OF THE ORIGINAL DISTRICT OF THE JUNIOR COLLEGE. ID. DESPITE THE FACT THAT THE SAME PERSONS GOVERN BOTH THE COLLEGE OPERATIONS AND THE AREA VOCATIONAL-TECHNICAL DISTRICT OPERATIONS, SUCH SUPERINTENDENCE BY THE SAME GROUP OF PERSONS IS PERMISSIBLE, DOES NOT CONSTITUTE A CONFLICT OF INTEREST, AND DOES NOT RESULT IN A MERGER OF THE IDENTITIES OF THE TWO ENTITIES BEING GOVERNED. SHERRILL V. BD. OF TRUSTEES OF SOUTH OKLAHOMA CITY JUNIOR COLLEGE, 515 P.2D 1388, AT 1390 (OKLA. 1973). TO QUOTE THE COURT:
 "THE COMMUNITY JUNIOR COLLEGE IS NEITHER DISSOLVED NOR MERGED INTO THE "AREA SCHOOL DISTRICT". A COMMUNITY JUNIOR COLLEGE ESTABLISHED AND MAINTAINED IN A SCHOOL DISTRICT THAT HAS BECOME AN AREA SCHOOL DISTRICT "IS A SEPARATE AND DISTINCT ENTITY FROM THE" AREA SCHOOL DISTRICT".
ID, AT P. 1390.
THAT IS NOT TO SAY THAT THE AD VALOREM MILLAGE FUNDS MAY BE USED TO SUPPORT THE OPERATIONS OF THE COLLEGE. ARTICLE X, SECTION 9A AND ARTICLE XXI, SECTION 1 TO OUR STATE CONSTITUTION CLEARLY WOULD FORBID SUCH A SCENARIO. HOWEVER, IT IS IMPORTANT TO NOTE THAT MANY ACTIONS TAKEN BY SUCH DUAL/ROLE BOARDS THAT MIGHT APPEAR AT FIRST BLUSH TO BE IMPROPER ACTIONS MAY, IN FACT AND AT LAW, BE COMPLETELY PERMISSIBLE. TITLE 70 O.S. 3912 (1988), ORIGINALLY A PART OF THE HIGHER EDUCATION FINANCIAL CONTROL ACT OF 1987, STATES THAT NEITHER THE AD VALOREM FUNDS RECEIVED BY A LOCAL SCHOOL DISTRICT WHICH OPERATES AN INSTITUTION OF HIGHER EDUCATION, NOR SUCH FUNDS RECEIVED BY A TECHNICAL AREA SCHOOL DISTRICT MAY BE MINGLED WITH THE FUNDS OF ANY INSTITUTION OF HIGHER EDUCATION. INCOME OF THE SCHOOL DISTRICT MAY NOT BE USED FOR ANY PURPOSE OTHER THAN THE EDUCATION OF THE RESIDENTS OF THE DISTRICT. ID. HOWEVER, IN THIS REGARD, THE BOARD OF TRUSTEES OF A TECHNICAL AREA SCHOOL DISTRICT ARE EMPOWERED, "WITH PROPER REGARD FOR THEIR RESPECTIVE RESPONSIBILITIES AS TRUSTEES AND AS REGENTS," TO MAKE AND APPROVE AGREEMENTS WHEREBY THE DISTRICT AND THE INSTITUTION, BY APPROPRIATE WRITTEN CONTRACT, UTILIZE THE SAME FACILITIES, EQUIPMENT, AND SERVICES. ID.
IN SHORT SUMMARY, THE OKLAHOMA SUPREME COURT, SOME SIXTEEN YEARS AGO, AFFIRMED THAT IT IS LEGALLY PERMISSIBLE FOR THE SAME PERSONS TO ACT IN BOTH THE CAPACITY OF MEMBERS OF THE BOARD OF REGENTS OF ROSE STATE COLLEGE AND IN THE CAPACITY OF MEMBERS OF THE AREA VOCATIONAL-TECHNICAL DISTRICT BOARD OF TRUSTEES. I AM AWARE THAT THERE IS SENTIMENT IN SOME CIRCLES THAT SUCH A SCENARIO IS NOT THE PUBLIC POLICY RESULT THAT THEY WOULD DESIRE. SUCH A CONCERN IS A PREROGATIVE OF THE LEGISLATURE, AND NOT COMMENTED UPON HEREIN. THIS LETTER MERELY MEMORIALIZES MY OPINION THAT THE CURRENT FORMAT IS CONSTITUTIONALLY PERMISSIBLE, AS BASED UPON PAST RULINGS OF THE OKLAHOMA SUPREME COURT.
AS PER YOUR ORAL REQUEST, I HAVE PREPARED PROPOSED STATUTORY LANGUAGE THAT WOULD ALTER THIS FORMAT, AND REQUIRE ALL FUTURE APPOINTEES TO THE ROSE STATE BOARD OF REGENTS TO BE RESIDENTS OF THE ORIGINAL JUNIOR COLLEGE DISTRICT. THIS PROPOSED LANGUAGE SHOULD NOT BE CONSTRUED AS ANY STATEMENT BY THIS OFFICE, THE ATTORNEY GENERAL, OR MYSELF, PERSONALLY, AS TO THE WISDOM OR EFFICACY OF THE CURRENT SYSTEM OR THE PROPOSED CHANGES, BUT IS MERELY PRESENTED IN COMPLIANCE WITH YOUR REQUEST FOR AID IN DRAFTING SUCH LANGUAGE.
(MICHAEL SCOTT FERN)